# VAL MANDEL, P.C.

**Val Mandel**  
Member of NY, NJ and DC Bars  
e-mail:   vm@valmandelpc.com

**Eric Wertheim**  
Member of NY and NJ Bars  
e-mail:   ew@valmandelpc.com

**Daniel Akselrod**  
Member of NY Bar  
e-mail:   da@valmandelpc.com

40 Exchange Place, Suite 1203  
New York, NY 10005  
(212) 668-1700  
Fax (212) 668-1701  
www.valmandelpc.com

April 12, 2019

*VIA ECF*  
Honorable Steven M. Gold  
United States Magistrate Judge  
United States District Court  
Eastern District of New York  
Chambers 1217, Courtroom 13-D  
225 Cadman Plaza East  
Brooklyn, NY 11201

    Re: **Pavel Pogodin and Alexander Prokhorov v. Cryptorion Inc., et al.**
           **Docket No. 18 Civ. 791**

Dear Magistrate Judge Gold:

We represent Plaintiffs Pavel Pogodin and Alexander Prokhorov. Pursuant to Local Civil Rule 37(3)(c), we are writing concerning unresolved discovery disputes with Defendant Tsitsuashvili[1]. We have conferred with his counsel about the disputes in writing several times. Opposing counsel has refused to confer further about the issues in a telephone conference despite Local Civil Rule 37(3)(a) requirement to "…confer in good faith in person or by telephone in an effort to resolve the dispute…"

Your Honor may recall that Defendant Tsitsuashvili was *pro se* for several months. During that time, he failed to comply with any of his discovery obligations. On February 25, 2019, Eliahu Sarfaty, Esq. appeared on Mr. Tsitsuashvili's behalf. We agreed to extend Mr. Sarfaty's time to respond to outstanding discovery to March 11, 2019.

## Failure to Produce Initial Disclosures

Despite repeated demands, Mr. Sarfaty has failed to produce Defendant Tsitsuashvili's Rule 26(a)(1) initial disclosures. He had offered no excuse and has ignored our repeated communications about it. This is obviously unacceptable.

---

[1] Defendant Cryptorion is in default and the motion for Default Judgment is currently pending before Your Honor.

Honorable Steven M. Gold
April 12, 2019
Page 2

## **Groundless Relevance Objections**

The gist of the Complaint is that our clients were lured into transferring $1,000,000.00 to Defendant Cryptorion, based on specific representations about its cryptocurrency business practices, market advantages, and the experience and skills of the individual Defendants herein. Among other things, the Complaint alleges that Defendant Tsitsuashvili did not use our clients' investment as promised but, rather, misappropriated funds for his own benefit. The agreements between and among the parties also promised that Plaintiffs would become shareholders of Cryptorion, which never happened.

In a pending motion to dismiss, Defendant Cryptorion (which Defendant Tsitsuashvili controls or controlled) and Defendant Tsitsuashvili individually assert that Plaintiffs did become shareholders of the company, involved themselves in management, and alleged that Plaintiffs' actions led to Defendant Cryptorion's business losses and missed opportunities.

Based on the allegations of the Complaint and Defendants' counter-accusations, our document requests sought, among other things, Defendant Cryptorion's financial records. Nonetheless, Mr. Sarfaty refuses to produce these documents on the grounds of relevancy.

As more fully set forth in our letter to Mr. Sarfaty of March 14, 2019, a copy of which is enclosed, these documents are highly relevant to our claims. Our March 14 letter comprehensively addressed each of Defendant Tsitsuashvili's objections specifically and explained the relevance of each of our requests. Moreover, Defendant Cryptorion's bank documents received from JPMorgan Chase Bank, N.A. in response to our subpoena, revealed numerous suspect transactions, and further bolster the necessity of obtaining the documents that Mr. Sarfaty is trying to suppress.

Principally, the types and categories of information and documents being objected to are as follows:

- Identities and contact information of Defendant Cryptorion's vendors, customers, and other investors;

- Documents concerning Defendant Cryptorion's finances, such as invoices, contracts and agreements, bank accounts and any payments made and received. This request also includes income tax documents;

- Documents relating to Defendant Cryptorion and Defendant Tsitsuashvili's ownership of the cryptocurrency Dash – the cryptocurrency Cryptorion was organized to "data mine";

- Documents concerning funds transferred from and to Defendant Cryptorion, including any withdrawals made by Defendant

Honorable Steven M. Gold
April 12, 2019
Page 3

> Tsitsuashvili or any reimbursements from Defendant Cryptorion for payments made by him;

- Documents relating to the facts alleged in the Complaint; and

- Mr. Tsitsuashvili's résumé or curriculum vitae.

There are also significant gaps in the documents that Defendant Tsitsuashvili did produce:

- There are no communications with any of the vendors who sold Defendant Cryptorion its cryptocurrency mining software and hardware, nor with the platforms on which cryptocurrency was bought, held and sold; no communications with the landlord and/or managers of the datacenter that Defendant Cryptorion leased; and no communications with any of Defendant Cryptorion's customers, which party communications allude to;

- Most of the provided e-mails were not produced with their attachments; and

- There were no communications produced between the individual defendants other than from e-mail addresses having "@cryptorion.com" domain handles, although there must have been communications between them in the start-up phase, before the company was formed.

Mr. Sarfaty has taken the position that we have to, effectively, brief him and provide legal citations for everything we seek. We responded by citing Mitchell v. Fishbein, 227 F.R.D. 239, 2005 U.S. Dist. LEXIS 5069(S.D.N.Y. 2005); Lugosch v. Congel, 218 F.R.D. 41, 2003 U.S. Dist. LEXIS 18880 (N.D.N.Y.2003), which stand for the proposition that the claims and allegations contained in the pleadings determine relevancy. Despite this well-established proposition, Mr. Safarty will not produce the requested documents. E-mail correspondence on this issue between us and Mr. Sarfaty is enclosed.

We respectfully request the Court's assistance in the resolution of this impasse.

> Respectfully submitted,
>
> */s/ Daniel Akselrod*
> Daniel Akselrod

DA/st
Encl.

cc: Eli Sarfaty, Esq. (via ECF)
     Peter Adelman, Esq. (via ECF)

# VM VAL MANDEL, P.C.

**Val Mandel**
Member of NY, NJ and DC Bars
e-mail:   vm@valmandelpc.com

**Eric Wertheim**
Member of NY and NJ Bars
e-mail:   ew@valmandelpc.com

**Daniel Akselrod**
Member of NY Bar
e-mail:   da@valmandelpc.com

40 Exchange Place, Suite 1203
New York, NY 10005
(212) 668-1700
Fax (212) 668-1701
www.valmandelpc.com

March 14, 2019

<u>VIA E-MAIL</u>
Eli Sarfaty, Esq.
Sarfaty and Associates, P.C.
1 North Sherry Lane
Wesley Hills, NY 10977

Re:   **Pavel Pogodin and Alexander Prokhorov v. Cryptorion Inc., et al. Docket No. 18 Civ. 791**

Dear Mr. Sarfaty:

We are in receipt of Defendant Tsitsuashvili's: (i) Response to Plaintiffs' Interrogatories ("Interrogatory Responses"); (ii) Response to Plaintiff's Notice for Discovery and Inspection ("Document Responses"); and (iii) document production Bates stamped DEF000001 to DEF000572.

## Interrogatory Responses

The Interrogatory Responses are defective because they are not signed by Defendant Tsitsuashvili. See Fed. R. Civ. P. 33(b)(5). Please provide us with the properly signed Interrogatory Responses.

The Interrogatory Responses to Interrogatories No. 6, 7 and 8 are deficient because they rely on invalid objections.

All three Interrogatories are addressed to Cryptorion Inc.'s ("Cryptorion") business practices. One of the Plaintiffs' causes of action in this lawsuit sounds in fraud against the defendants. That cause of action alleges that:

> Defendants intentionally misrepresented to Plaintiffs the facts about Cryptorion's ownership, management, assets and operations, and failed to disclose the special

> risks associated with mining cryptocurrency, in order to induce Plaintiffs to advance the convertible loan of $1,000,000.00.

Complaint, ¶ 49 (Doc. No. 1).

Cryptorion's business practices, or lack thereof, are at the heart of this cause of action. Therefore, all three interrogatories – No. 6, which seeks information about Cryptorion's vendors; No. 7, which seeks information about Cryptorion's customers; and No. 8, which seeks information about any investments or loans made to Cryptorion – are absolutely relevant and must be answered.

The objection that such interrogatories seek confidential information is also unavailing. First, such information is clearly not confidential. And, of even more importance, the objection fails in light of your client's position that the Plaintiffs were involved in the day-to-day operations of Cryptorion and thus privy to such information, even if it could be characterized as confidential. See Defendants' Memorandum of Law in Support of Motion to Dismiss for Failure to State a Claim Upon which Relief Can be Granted Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8, Pp. 2 and 5 (Doc. No. 16-1).

Finally, please cite supporting law for your assertion that the information sought regarding third parties "is protected by law and therefore no response will be provided."

## Document Responses

Like the Interrogatory Responses, many of the objections contained in the Document Responses are improper and misplaced.

Document Demand No. 9 seeks the production of documents concerning Cryptorion's finances. As outlined above, such documents are the focal point of this action. One of the Plaintiffs' legal theories is that Cryptorion was in reality a scheme orchestrated by your client and Defendant Ben-Zvi, which the Plaintiffs were tricked into funding, and was not a serious business enterprise as was presented to them. Financial records of Cryptorion are absolutely relevant (indeed, indispensable) to this aspect of the litigation. These documents must be produced. Moreover, as pointed out in an earlier e-mail, such financial records include bank statements, and income tax filings for both Cryptorion and Defendant Tsitsuashvili.

Document Demand No. 10 seeks the production of documents concerning Cryptorion's financial relationship with Defendant Tsitsuashvili. Your objection

Eli Sarfaty, Esq.
March 14, 2019
Page 3

to this demand on grounds of relevance is improper. As discussed above, the finances involved in this transaction are highly suspect. In fact, it appears that the only person that derived any benefit from Cryptorion (other than, perhaps, Defendant Ben-Zvi) is your client. The Complaint alleges that Defendant Tsitsuashvili misappropriated Cryptorion's assets for his own benefit. See Complaint, ¶ 44 (Doc. No. 1). Therefore, all documents concerning money and other assets transferred between Cryptorion and Defendant Tsitsuashvili must be produced.

Document Demand Nos. 11 and 12 request documents concerning Cryptorion's and Defendant Tsitusashvili's ownership of Dash, respectively. You indicate that responsive documents will be produced but there are none in the production. Please produce these documents promptly.

Document Demand No. 13 asks for documents concerning the valuation of Dash. As with document demands Nos. 11 and 12, there do not appear any responsive documents, aside from some references to the value of Dash in inter-party communications.

Documents Demand No. 14 seeks agreements entered into between Cryptorion and any other person or entity. This demand is, once more, objected to and rejected on the basis of relevance. As above, this request is absolutely relevant. The requested documents will establish whether or not Cryptorion was a *bona fide* business or a sham and, even if it was a real enterprise, what happened to its assets. For avoidance of doubt, this demand includes Cryptorion's engagement letter or retainer agreement with A.Y. Strauss, LLC.

Document Demand No. 16 seeks documents "relating to the facts alleged in the Complaint…" Given that the Demand is expressly focused on the allegations of the Complaint, your objection on grounds of relevance is untenable.

Document Demand No. 17 demands the production of Defendant Tsitsuashvili's resume or curriculum vitae. The objection, again, is that of relevancy. In a case such as this – where there are allegations about misrepresentations regarding, and reliance on, Defendants' credentials – Defendant Tsitsuashvili's credentials are highly relevant. As alleged in the Complaint, the Plaintiffs' funded Cryptorion because of Defendant Ben-Zvi's and Defendant Tsitsuashvili's representations of their expertise. Therefore, Defendant Tsitsuashvili's actual curriculum vitae (and its comparison to the information presented to the Plaintiffs to induce the funding of Cryptorion) is a critical document and must be produced.

Eli Sarfaty, Esq.
March 14, 2019
Page 4

## **Produced Documents**

There are significant gaps in the document you produced. First, there is no correspondence between Defendant Tsitsuashvili and Defendant Ben-Zvi prior to mid-August 2017, and no e-mails from any e-mail addresses other than the ones "@cryptorion.com" domain. It is difficult to believe that there were no communications between Defendants prior to the creation of these e-mail addresses. Please produce such communications.

There appear to be no communications with any third parties other than Mr. Givi Topchishvili and a handful of others. For example, there are no communications with any of Cryptorion's vendors (who sold it cryptocurrency mining software and hardware); no communications with the owners and/or managers of the datacenter that Cryptorion leased; and no communications with any of Cryptorion's customers, which the inter-party communications allude to. All of these documents exist and must be provided.

Furthermore, we note that very few attachments to e-mails were produced. Moreover, the way that the e-mail communications were printed seem to link together e-mails not related to each other. See, for example, documents Bates stamped DEF000263 and DEF000264 and DEF000278 and DEF000279. If we are correct, this makes the production extremely confusing.

Finally, there seem to be some documents produced that do not appear to relate to this matter at all. Please review documents included immediately after DEF000114 and from DEF000122 to DEF000156 and DEF000177 to DEF000210. If these documents are responsive, please explain.

Very truly yours,

Daniel Akselrod

DA/st

cc:   Peter Adelman, Esq. (via e-mail)

**Re: POGODIN et al v. Cryptorion et al,**

**From:** Eli Sarfaty <elisarfaty@gmail.com>                                         Tue, Apr 09, 2019 05:14 PM
**Subject:** Re: POGODIN et al v. Cryptorion et al,                                  1 attachment
**To:** Eric Wertheim <ew@valmandelpc.com>, Daniel Akselrod <da@valmandelpc.com>, Jason Lowe <jasonflowe@gmail.com>, Peter Adelman <padelman@theadelmanfirm.com>

Mr. Akselrod,

I am sorry I did not respond yesterday. We were on trial on a different case.

I sent you a long and detailed explanation last week regarding your demands. It is not possible to have a discussion unless you are going to point to specifics to discuss.

Here is an example of what you could say:
Our demand 7 seeks information about customers. XYZ specific allegations in the complaint concern customers. The reason these allegations concern customers is because [insert 2-3 sentences explaining your position]. The case law that supports the need to produce information about customers is [insert case law]. [Insert analysis comparing the case law to the allegations in this complaint].

Without you pointing to any specifics it is impossible to have a reasonable conversation. I will note that you have given no response to the Unger case which states that discovery is guided by the allegations in the complaint and you have given no response to Carmody concerning tax returns. Once again, without a discussion of your position for me to go over with my clients, I find it hard to respond to you.

Thank you for your anticipated cooperation.

Eli Sarfaty

---

**From:** ew@valmandelpc.com
**Sent:** April 9, 2019 3:07 PM
**To:** elisarfaty@gmail.com; da@valmandelpc.com; jasonflowe@gmail.com; padelman@theadelmanfirm.com
**Subject:** Re: POGODIN et al v. Cryptorion et al,

Mr. Sarfaty:

I left you a message yesterday about conferring, by telephone, in an effort to avoid motion practice about or discovery disputes. Please let me know when you are available.

Eric Wertheim

---

On 4/4/2019 5:52 AM, Eli Sarfaty wrote:

> Mr. Akselrod,
>
> I am sorry that I have been slow to respond. I have had several 10 hour deposition days because a client is in from out of town on a case that requires a multi-day deposition.
>
> As you know "The locus of the line between discovery reasonably calculated to lead to admissible evidence and the proverbial fishing expedition is determined in large measure by the allegations of the pleading." *Unger v. Cohen*, 125 F.R.D. 67, 71 (S.D.N.Y. 1989). Further, you as the party asking for the documents bear the burden of showing that the information and documents you seek is both relevant and proportional in accordance with Rule 26. *In re Refco Sec. Litig.*, 759 F. Supp. 2d at 345.
>
> Interrogatories 6 seeks information about vendors, interrogatory 7 seeks information about customers, and interrogatory 8 seeks information about investors. Your sole reason why this information is relevant is paragraph 49 of the complaint which only generally speaks of defendants' misrepresentations about Cyrptorion's ownership, management, and operations. You state nothing about what those misrepresentations are or how those misrepresentations relate to the information sought in interrogatories 6, 7, and 8. Since you pleading does not support the information you seek, the interrogatories are improper.

With respect to document demands. You state that document demand numbers 9 and 10 seeks information about Cyrptorion's finances and Defendant Tsitsuashvili's financial connection to Cyrptorion and state that it is central to the complaint. However, you fail to identify anything specific in the complaint that would support production of such documents.

Note, you also seek income tax returns. I am sure you are familiar with the 2nd circuits standard for the production of income taxes which is"(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" Carmody v. Village of Rockville Centre, No. 05 CV 4907, 2007 WL 2042807 at *2 (E.D.N.Y. July 13, 2007). You make no effort to explain how you have met this standard.

With regards to document demand 14, you are seeking marketing material for Cryptorion. Once again, you point to no allegations in the complaint that support this demand. Similarly, document demand 17 seeks my clients CV. What allegations in the complaint can you point to that support the need for this demand.

Document demand 16 seeking any documents relating to allegations in the complaint is so broad that it cannot be responded to. Do you have any case law at all that support such a demand?

If you can point me to specifics in the complaint that support any of the above, I will review them. Further, if you have any cases to support your point I will review that. I will object to you contacting the Court with any information (either cases or citations to cases) that you did not provide to me or afford me a good faith opportunity to respond to.

With regards to the issues you have on page 4 of your letter, I have reached out to my client to ensure that he has done a proper search. He is traveling overseas until next week and though I am pushing him to ensure that we can properly respond to you, it is slower than usual considering his travels.

Thank you,

Eli Sarfaty


On Mon, Apr 1, 2019 at 9:53 AM Daniel Akselrod <da@valmandelpc.com> wrote:

Mr. Sarfaty,

On March 14, 2019, we sent you a letter, which comprehensively reviewed your objections to our document request and set forth why the documents you objected to were relevant to this matter and why they must be produced. On march 15, 2019, you asked for legal basis of our requests. In good faith, we promptly provided you with cases which state that the relevancy of documents to be produced is linked to the claims and defenses in the pleadings. We then, once more, explained how the requested documents relate to our clients' claims. After nearly a week, you now respond that the basis we provided you with are insufficient for you and demand that we justify each and every category of our document request. That is unacceptable. It is not incumbent upon us to do your legal research nor prove any legal theories to you. Therefore, unless we receive the requested documents, together with your client's Rule 26 disclosure (which has now been outstanding for months) by Wednesday, April 3, 2019, we will have no choice but to take this matter up with Magistrate Gold.

Very truly yours,

**Daniel Akselrod**
**Attorney at Law**

**VAL MANDEL, P.C.**
**40 Exchange Place, Suite 1203**
**New York, NY 10005**
**(212) 668-1700**
**Fax         (212) 668-1701**
da@valmandelpc.com
www.valmandelpc.com

**This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution**

or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** "Eli Sarfaty" <elisarfaty@gmail.com>
**To:** "Daniel Akselrod" <da@valmandelpc.com>
**Cc:** "Jason Lowe" <jasonflowe@gmail.com>, "Eric Wertheim" <ew@valmandelpc.com>, "Peter Adelman" <padelman@theadelmanfirm.com>
**Sent:** Monday, April 1, 2019 9:13:30 AM
**Subject:** Re: POGODIN et al v. Cryptorion et al,

Mr. Akselrod,

As you know, you as the party seeking the documents, must show that the documents are relevant. Sending 1 general case does not meet that obligation. We are happy to discuss the issue. But send cases SPECIFICALLY on the subject of the documents you seek that show that they are relevant. Relate the facts in the cases to the facts herein so that we may have a proper discussion.

Thank you,

Eli Safaty

On Tue, Mar 26, 2019 at 9:42 AM Daniel Akselrod <da@valmandelpc.com> wrote:

> Dear Mr. Sarfaty,
>
> Please let us know when we can expect a response to our letter of March 14 and production of the outstanding documents and the properly signed responses to the interrogatories.
>
> Very truly yours,
>
> **Daniel Akselrod**
> **Attorney at Law**
>
>  **VAL MANDEL, P.C.**
>
> **40 Exchange Place, Suite 1203**
> **New York, NY 10005**
> **(212) 668-1700**
> **Fax           (212) 668-1701**
> da@valmandelpc.com
> www.valmandelpc.com
>
> **This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.**

**From:** "Eli Sarfaty" <elisarfaty@gmail.com>
**To:** "Daniel Akselrod" <da@valmandelpc.com>
**Cc:** "Jason Lowe" <jasonflowe@gmail.com>, "Eric Wertheim" <ew@valmandelpc.com>, "Peter Adelman" <padelman@theadelmanfirm.com>
**Sent:** Friday, March 15, 2019 1:57:48 PM
**Subject:** Re: POGODIN et al v. Cryptorion et al,

Mr. Akselrod,

I will have my client sign the interrogatories and send them over to you. I will also look at what you are referring to regarding the emails etc and discuss with my client.

With regards to your comments interrogatories 6, 7, 8 and document demands 9, 10, 11, 12, 13, 14, 16, and 17 do you have any cases that support that such documents are to be produced in a case similar to this. I would like to respond to you in a thorough way but it is hard for me to respond if I do not know the legal basis for your argument.

**From:** da@valmandelpc.com
**Sent:** March 14, 2019 4:27 PM
**To:** elisarfaty@gmail.com
**Cc:** jasonflowe@gmail.com; ew@valmandelpc.com; padelman@theadelmanfirm.com
**Subject:** Re: POGODIN et al v. Cryptorion et al,

Dear Mr. Sarfaty,

Please see the attached letter.

Very truly yours,

**Daniel Akselrod**
**Attorney at Law**

  **VAL MANDEL, P.C.**
**40 Exchange Place, Suite 1203**
**New York, NY 10005**
**(212) 668-1700**
**Fax (212) 668-1701**
da@valmandelpc.com
www.valmandelpc.com

**This e-mail message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited.  If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.**

**From:** elisarfaty@gmail.com
**To:** da@valmandelpc.com, ew@valmandelpc.com, padelman@theadelmanfirm.com
**Cc:** "Jason Lowe" <jasonflowe@gmail.com>
**Sent:** Monday, March 11, 2019 11:38:59 PM
**Subject:** POGODIN et al v. Cryptorion et al,

Gentlemen,
Please see attached.  Documents are too large to email so are accessible at the following link:

https://spaces.hightail.com/space/4tHvpJL2TE

Access code to follow in a separate email.

Thank you,

Eli Sarfaty

----------
Eli Sarfaty Esq., MBA
Sarfaty & Associates, P.C.
1 North Sherri Lane
Wesley Hills, NY 10977
t: (845) 377-5845
f: (212) 401-4720
e: elisarfaty@gmail.com
*This communication is confidential and privileged. If you have received it in error, please contact this office immediately and destroy all electronic and/or paper copies.

[image/png:vmlogo.png]



vmlogo.png
796 B

### Re: POGODIN et al v. Cryptorion et al,

**From :** Daniel Akselrod <da@valmandelpc.com>                               Fri, Mar 15, 2019 04:41 PM
**Subject :** Re: POGODIN et al v. Cryptorion et al,                              🖉 1 attachment
   **To :** Eli Sarfaty <elisarfaty@gmail.com>
   **Cc :** Jason Lowe <jasonflowe@gmail.com>, Eric Wertheim
          <ew@valmandelpc.com>, Peter Adelman
          <padelman@theadelmanfirm.com>
  **Bcc :** Val Mandel <vm@valmandelpc.com>

Dear Mr. Sarfaty,

First, you have not produced the automatic disclosures due under Rule 26(a)(1). Please do so as soon as possible.

In response to your e-mail, it is beyond dispute that relevance is determined by the claims and allegation in the pleadings. See Mitchell v. Fishbein, 227 F.R.D. 239, 2005 U.S. Dist. LEXIS 5069 (S.D.N.Y. 2005); Lugosch v. Congel, 218 F.R.D. 41, 2003 U.S. Dist. LEXIS 18880 (N.D.N.Y.2003). The complaint in this matter alleges financial impropriety and misappropriation of funds and assets from Cryptorion Inc. Therefore, various financial documents of Cyrptorion Inc. are responsive, as they bear upon whether or not such financial impropriety and misappropriation of funds and assets took place. It is not incumbent upon us to supply you with case law about specific requests. We will fully brief the issues if and when we need to make a motion to compel.

Very truly yours,

**Daniel Akselrod**
**Attorney at Law**

     **VAL MANDEL, P.C.**

**40 Exchange Place, Suite 1203**
**New York, NY 10005**
**(212) 668-1700**
**Fax (212) 668-1701**
da@valmandelpc.com
www.valmandelpc.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended

recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** "Eli Sarfaty" <elisarfaty@gmail.com>
**To:** "Daniel Akselrod" <da@valmandelpc.com>
**Cc:** "Jason Lowe" <jasonflowe@gmail.com>, "Eric Wertheim" <ew@valmandelpc.com>, "Peter Adelman" <padelman@theadelmanfirm.com>
**Sent:** Friday, March 15, 2019 1:57:48 PM
**Subject:** Re: POGODIN et al v. Cryptorion et al,

Mr. Akselrod,

I will have my client sign the interrogatories and send them over to you. I will also look at what you are referring to regarding the emails etc and discuss with my client.

With regards to your comments interrogatories 6, 7, 8 and document demands 9, 10, 11, 12, 13, 14, 16, and 17 do you have any cases that support that such documents are to be produced in a case similar to this. I would like to respond to you in a thorough way but it is hard for me to respond if I do not know the legal basis for your argument.

Eli Sarfaty


**From:** da@valmandelpc.com
**Sent:** March 14, 2019 4:27 PM
**To:** elisarfaty@gmail.com
**Cc:** jasonflowe@gmail.com; ew@valmandelpc.com; padelman@theadelmanfirm.com
**Subject:** Re: POGODIN et al v. Cryptorion et al,

Dear Mr. Sarfaty,

Please see the attached letter.

Very truly yours,

**Daniel Akselrod**
**Attorney at Law**

**VAL MANDEL, P.C.**
**40 Exchange Place, Suite 1203**
**New York, NY 10005**
**(212) 668-1700**
**Fax (212) 668-1701**

da@valmandelpc.com
www.valmandelpc.com

**This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.**

**From:** elisarfaty@gmail.com
**To:** da@valmandelpc.com, ew@valmandelpc.com, padelman@theadelmanfirm.com
**Cc:** "Jason Lowe" <jasonflowe@gmail.com>
**Sent:** Monday, March 11, 2019 11:38:59 PM
**Subject:** POGODIN et al v. Cryptorion et al,

Gentlemen,
Please see attached. Documents are too large to email so are accessible at the following link:

https://spaces.hightail.com/space/4tHvpJL2TE

Access code to follow in a separate email.

Thank you,

Eli Sarfaty

---------
Eli Sarfaty Esq., MBA
Sarfaty & Associates, P.C.
1 North Sherri Lane
Wesley Hills, NY 10977
t: (845) 377-5845
f: (212) 401-4720
e: elisarfaty@gmail.com
*This communication is confidential and privileged. If you have received it in error, please contact this office immediately and destroy all electronic and/or paper copies.

[image/png:vmlogo.png]

vmlogo.png
793 B