# SARFATY AND ASSOCIATES, P.C.
### ATTORNEYS AT LAW
### 1 NORTH SHERRI LANE
### WESLEY HILLS, NEW YORK 10977

TEL: 845-426-5710
Fax: 845-354-0615

April 16, 2019

Honorable Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
Chambers 1217, Courtroom 13-D
225 Cadman Plaza East
Brooklyn, NY 11201

      **RE: Pavel Pogodin and Alexander Prokhorov v. Cryptorion Inc., et al.**
      <u>**Docket No. 18 Civ. 791; Discovery Dispute**</u>

Dear Judge Gold,

Our office represents Zurab Tsitsuashvili ("Tsitsuashvili") in the above captioned matter. Plaintiffs wrote a discovery letter. However, Plaintiffs fail to note their own discovery shortcomings.

Namely, Plaintiffs have failed to properly categorize the documents they have produced, failed to produce a privilege log, and failed to answer an interrogatory about damages.[1] First, I should note, after my office raised the issue of categorization and privilege issue Plaintiffs raised the same issues as well with regards to Tsitsuashvili's production. Tsitsuashvili has already rectified these issues.

Additionally, Plaintiffs state that they will rectify the issue regarding categorization as well, but not until Friday. The Plaintiffs are deliberately responding slowly as they do not want this issue brought to the Court's attention while their letter is pending. In fact, Plaintiffs even noted the timing in an email to our office.

It is understandable why the Plaintiffs do not want the issue addressed to the Court while their discovery letter is pending. The documents requested relate to the allegations in the complaint. As is described in our letter responding to Plaintiffs' discovery issues, Plaintiffs have failed to state a cause of action against Tsitsuashvili. If Plaintiffs have to categorize their documents and show how their damages are calculated (1) it will be clear that Plaintiffs do not have any documents whatsoever relating to fraud and even the weak allegations in the complaint are solely based on suspicion and (2) the "fraud" claim has the same damages as the contract claim Plaintiffs are asserting in relation to Cryptorion and is thus duplicative.

---

[1] Without a categorization of the documents, my office cannot determine if there are additional discovery deficiencies.

Nevertheless, Tsitsuashvili feels that it is important to raise these issues with the Court.  It is my understanding that Tsitsuashvili must write a separate letter for his discovery dispute and thus we respectfully request the Court compel Plaintiffs to properly respond to the damage calculation interrogatory, properly categorize their response to documents, and produce a privilege log.

                                              Respectfully Submitted,

                                              /s/ Jason Lowe



Jason Lowe <jasonflowe@gmail.com>

## Re: POGODIN et al v. Cryptorion et al, - Discovery

**Jason F Lowe** <jasonflowe@gmail.com>  Fri, Apr 12, 2019 at 3:14 PM
To: Daniel Akselrod <da@valmandpc.com>
Cc: Eli Sarfaty <elisarfaty@gmail.com>, Jason Lowe <jasonflowe@gmail.com>, Eric Wertheim <ew@valmandpc.com>, Peter Adelman <padelman@theadelmanfirm.com>

Mr. Akselrod,

1. There is no "at this time".  Does your client have any other responsive document?  If so, produce them now.  If not, indicate in your responses that you have no other responsive documents.

2. As you are aware, under the FRCP you are required to categorize production by which request(s) the documents are referring to.  You have not done this at all.  Please update your responses immediately.  Due to your failure to follow this most basic rule, it is impossible to determine if you have properly responded to the document requests.  Once you provide this information, we reserve the right to raise additional issues.

3. You imply that documents are being withheld due to privilege, yet no privilege log is provided.  Please provide the privilege log immediately.

4. Your response to interrogatory 2 does not list all of the damages or the categories.  What category of damages is the $1,000,000 referring to? How is calculated.  What are your current attorney's fees.  Where are the documents that support this?  Update this response immediately.

5. Your responses to document requests 47 and 48 state that you have documents that you will show at a deposition or as part of dispositive motion/trial that are work product.  I have never been at a deposition or trial where an attorney has shown an opposing party their internal notes or work product.  Are you actually planning on doing that?  Obviously, documents provided to you by your client are not covered by the work product doctrine just because they have been provided to you by your client.

This is a good faith attempt to solve a discovery dispute.  Our client reserves all of his rights to raise additional disputes after the above problems have been remedied.

Thank you,

Jason Lowe

[Quoted text hidden]



Jason Lowe <jasonflowe@gmail.com>

### Re: POGODIN et al v. Cryptorion et al, - Discovery

**Daniel Akselrod** <da@valmandelpc.com>            Fri, Apr 12, 2019 at 4:28 PM
To: Jason F Lowe <jasonflowe@gmail.com>
Cc: Eli Sarfaty <elisarfaty@gmail.com>, Eric Wertheim <ew@valmandelpc.com>, Peter Adelman <padelman@theadelmanfirm.com>

Dear Mr. Lowe,

Your aggressive tone is unnecessary and only serves to impeach your own declaration of good faith. ==It is also evident that your e-mail was quickly generated to set up a counter-attack to the letter we filed today with the Court== (only after multiple attempts over nearly a month to resolve the issues), concerning the multitude of problems with the discovery positions Mr. Sarfaty has taken. In any event, addressing the items in your email:

> [It is clear that Plaintiffs don't want their own deficiencies before the Court while their letter is pending.]

    1. "At this time" discovery is ongoing. Our clients are continuing to review their records and, should they discover more responsive documents, we will produce them at that time. We expect the other parties in this action to do the same.

    2. Your document response also did not categorize the documents that were produced by you, and neither did Mr. Adelman's. As those document requests were served first, we expect your responses to them to be corrected first as well. Once that is done, we will follow suit. It is unreasonable for you to apply a standard to us which you yourself have failed.

    3. As above, you provided no privilege log (although attorney-client privilege has been invoked to obstruct production of documents by your predecessors, Aaron Messing, Esq. and A.Y. Strauss, LLC). Once you produce a privilege log, we will follow suit.

    4. The documents concerning the damages have been provided. Principally, they are the Promissory Notes and the Memorandum of Understanding. Those documents are the source of the $1,000,000.00 that was not repaid. The interest of 10% is accruing and is easy enough to calculate as of a date certain. Our legal fees are ongoing – we certainly do not need to send you every invoice as it is issued.

Moreover, we are also seeking punitive damages, which are obviously up to the Court to determine and award.

5.   We are not aware of any rule that requires an attorney to pre-disclose documents that the attorney has determined to be important for use at depositions or in support of a motion.  We have never before seen a document request like this. Putting aside the obvious fact that we have yet to make such determinations, your request is aimed at our mental impressions of what documents we view to be important and thus intrudes upon the work product doctrine.  You are not entitled to our thought process and we do not need to telegraph our strategy in advance.

Very truly yours,

**Daniel Akselrod**
**Attorney at Law**

   **VAL MANDEL, P.C.**

**40 Exchange Place, Suite 1203**

**New York, NY 10005**

**(212) 668-1700**

**Fax (212) 668-1701**

**da@valmandelpc.com**

**www.valmandelpc.com**

This e-mail message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited.  If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** "Jason F Lowe" <jasonflowe@gmail.com>
**To:** "Daniel Akselrod" <da@valmandelpc.com>
**Cc:** "Eli Sarfaty" <elisarfaty@gmail.com>, "Jason Lowe" <jasonflowe@gmail.com>, "Eric Wertheim" <ew@valmandelpc.com>, "Peter Adelman" <padelman@theadelmanfirm.com>
**Sent:** Friday, April 12, 2019 3:14:59 PM

[Quoted text hidden]



Jason Lowe <jasonflowe@gmail.com>

## Re: POGODIN et al v. Cryptorion et al, - Discovery

**Jason F Lowe** <jasonflowe@gmail.com>  
To: Daniel Akselrod <da@valmandelpc.com>  
Cc: Eli Sarfaty <elisarfaty@gmail.com>, Eric Wertheim <ew@valmandelpc.com>, Peter Adelman <padelman@theadelmanfirm.com>

Fri, Apr 12, 2019 at 5:06 PM

This is the first we have heard from you stating you would like our docs categorized. We will do so by Monday and expect the same from. If you have an issue with another party, raise it with them.

Similarly, we do not claim privilege all over the place but this is the first we have heard of your objection. I do not think we have withheld on privilege but if we have we will provide a log by Monday and expect the same from you.

Your damage calculation should be updated in the interrogatory, not via email. I will expect that by Monday as well.

With regards to documents shown at a deposition or for a dispositive motion, if you refuse to produce such documents, we will inform the Court and ask for an order of preclusion. We obviously have a right to those documents before you use them at a deposition or on a motion.

Thank you,

Jason Lowe

[Quoted text hidden]



**vmlogo.png**  
1K



Jason Lowe <jasonflowe@gmail.com>

## Re: POGODIN et al v. Cryptorion et al, - Discovery

**Daniel Akselrod** <da@valmandelpc.com>  Fri, Apr 12, 2019 at 9:03 PM
To: Jason F Lowe <jasonflowe@gmail.com>
Cc: Eli Sarfaty <elisarfaty@gmail.com>, Eric Wertheim <ew@valmandelpc.com>, Peter Adelman <padelman@theadelmanfirm.com>

Dear Mr. Lowe,

1.      Categorization of Documents:

Your first e-mail states that our failure to cross-reference our production to specific document requests violated a basic rule.  When confronted with your own failure to comply with this basic rule, you seemed to take the position that we needed to notify you in advance that you should follow the basic rule although, of course, we received no such notice from you.  Which is it?

When initially Mr. Adelman and, later, you produced documents without cross-referencing to our requests - which is common in our experience despite your belief that categorization is a "basic rule" - we were content to leave it alone.   Make a decision and let us know which way you want to proceed.

2.      Privilege:

Your e-mail states: "Similarly, we do not claim privilege all over the place but this is the first we have heard of your objection." (Emphasis added).

Your response to our document request has the following blanket objection:

"Defendant objects to <u>each</u> of these Requests insofar and to the extent they seek the disclosure of information or documents subject to the attorney-client privilege, the work product doctrine, or other privileges based upon statute or recognized at common law." (Emphasis added).

As we have seventeen document requests, it is logical that you have invoked privilege seventeen times.

In contrast, we invoked the privilege in response to just <u>three</u> of your <u>45</u> document requests.  Note, also, that Rule 26 does not require the receiving party to ask for a privilege log.  As with categorization, if you thought a privilege log was due, you should have produced one.

In the future, it would benefit everyone if there was less hyperbole and unsubstantiated allegations cast about.

Since you undertook to produce it by Monday, we look forward to receiving privilege log then.

3.      Damages Calculations:

You asked in an e-mail, we responded in an e-mail. The documents that the calculations are based on have been produced to you twice now and you received the benefit of further clarification. Our interrogatory responses stand.

4.      Documents to be used at Depositions and Motions:

We are confused to what you mean in your email when you say "We obviously have a right to those documents before you use them at a deposition or on a motion."

Our objection is to what appears to be a unique, unfounded demand for an attorney to identify what documents, from within the documents produced in discovery, the attorney thinks are important enough to use at a deposition or for other litigation purposes.   To the extent requested, you are entitled to the production of relevant documents (the production of which is not otherwise objectionable, e.g., privilege).  You are not entitled to know what opposing counsel thinks about the produced documents and not which of them he intends to use when.

5.      Deadlines:

In light of (i) the multiple discovery extensions given to your client and, later, to you; (ii) your significant discovery failings, most glaringly your unexplained failure to produce initial disclosures; (iii) the month that we have spent going back and forth to address your relevancy objections; and (iv) the disparity between when your documents were due -  more than a month ago - and when ours were - yesterday - you are not in a position to unilaterally impose a one business day deadline for both sides to address the supposed categorization and privilege log issues.  Once you and Mr. Adelman comply with your respective discovery obligations, we will comply with ours within a reasonable time.

Very truly yours,

**Daniel Akselrod**
**Attorney at Law**

 **VAL MANDEL, P.C.**

**40 Exchange Place, Suite 1203**
**New York, NY 10005**
**(212) 668-1700**
**Fax (212) 668-1701**
**da@valmandelpc.com**
**www.valmandelpc.com**

**This e-mail message may contain legally privileged and/or confidential**
**information.  If you are not the intended recipient(s), or the employee**

or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** "Jason F Lowe" <jasonflowe@gmail.com>
**To:** "Daniel Akselrod" <da@valmandelpc.com>
**Cc:** "Eli Sarfaty" <elisarfaty@gmail.com>, "Eric Wertheim" <ew@valmandelpc.com>, "Peter Adelman" <padelman@theadelmanfirm.com>
**Sent:** Friday, April 12, 2019 5:06:10 PM

[Quoted text hidden]



Jason Lowe <jasonflowe@gmail.com>

## Re: POGODIN et al v. Cryptorion et al, - Discovery

**Jason F Lowe** <jasonflowe@gmail.com>  
To: Daniel Akselrod <da@valmandelpc.com>  
Cc: Eli Sarfaty <elisarfaty@gmail.com>, Eric Wertheim <ew@valmandelpc.com>, Peter Adelman <padelman@theadelmanfirm.com>

Mon, Apr 15, 2019 at 12:58 PM

We are unaware of any documents being withheld with regards to privilege.

You did not raise that you cannot figure out what is being responded to based on a lack of categorization. We did raise that. We will draw this to the Court's attention if we do not receive that today.

I see that you are refusing to update your other responses, so we will also raise that with the Court.

Thank you,

Jason Lowe

[Quoted text hidden]



**vmlogo.png**
1K