# SARFATY AND ASSOCIATES, P.C.
## ATTORNEYS AT LAW
## 1 NORTH SHERRI LANE
## WESLEY HILLS, NEW YORK 10977
TEL: 845-426-5710
Fax: 845-354-0615

**December 12, 2019**

Honorable Steven M. Gold
United States MagistrateCourt Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **RE: Pavel Pogodin and Alexander Prokhorov v. Cryptorion Inc., et al.**
> <u>**Letter Seeking to Withdraw as Topcshivili's Attorney**</u>

Dear Judge Gold,

    Our firm represents Zurab Tsitsuashvili in this matter. Please accept this letter pursuant to your Honor's part rules, as our request for a motion to withdraw as counsel for Mr. Tsitsuashvili.

    Our firm was hired to represent Mr. Zurab Tsitsuashvili. Though our office has advised Tsitsuashvili from the time our representation began of Mr. Tsitsuashvili's preservation and discovery obligations we are unsure as to whether our advice has been followed. In addition, Mr. Tsitsuashvili is often unresponsive and uncooperative with the requests from our office. This problem has gotten worse as the case has moved forward. The exact details of the above issues would be highly prejudicial to our client though, if ordered to, details can be provided, though we ask that any such details only be provided *in camera*.[1] There is a presently pending discovery motion against our client and considering the above issues, my office does not believe it can file a comprehensive opposition on behalf of Mr. Tsitsuashvili.

    NYRPC 1.16(c) provides, in relevant part, that a lawyer may withdraw from representing a client when "the client fails to cooperate in the representation, [] otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively," or "insists upon taking action with which the lawyer has a fundamental disagreement." N.Y.S.B.A. Rule 1.16(c)(4), (7). SDNY Local Rule 1.4 provides in relevant part that

> [a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien …

---

[1] Considering the currently pending discovery motion, the details would be prejudicial even if disclosed *in camera*, however, once again, if the Court determines that additional details are necessary and orders disclosure, my office will provide such details.

1

"It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *United States v. Lawrence Aviation Indus.,* No. 06–CV–4818 (JFB)(ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Naguib v. Pub. Health Solutions,* No. 12–CV–2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel, including failing to appear for her deposition against counsel's advice); *see also Liang v. Lucky Plaza Rest.,* No. 12–CV–5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case); *Munoz v. City of New York,* No. 04–CV–1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); *Fischer v. Biman Bangladesh Airlines,* No. 96–CV–3120 (SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014).

In this case, there is a lack of communication, cooperation, and agreement on litigation strategy that makes it so that our office cannot represent Mr. Tsitsuashvili in general and specifically cannot provide the proper response to Plaintiffs' currently pending discovery motion.

"A court determining whether to grant a motion to withdraw as counsel may also consider whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Stair v. Calhoun*, 722 F.Supp.2d 258, 265 (E.D.N.Y.2010) (quoting *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir.1999)); *Thekkek*, 2012 WL 225924, at *2 (noting that courts generally deny motions to withdraw on eve of trial)". However, in *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) the court noted that, though a withdrawal would effect the timing of certain motions, no trial date had been set and thus the disruption would not warrant denial of the motion to withdraw. See also *Ameruso v. City of New York*, No. 15CV03381RABCM, 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016) ("[w]here, as here, discovery has not yet closed and the matter is not trial-ready, withdrawal of counsel is unlikely to cause undue prejudice."); *Taub v. Arrayit Corp.*, No. 15CV1366ALCJLC, 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016)(case not on eve of trial and any delay of motion practice does not warrant denying withdrawal); *Maharaj v. Red Shirt Entm't, LLC*, No. 14-CV -3486 ALC KNF, 2015 WL 5730116, at *2 (S.D.N.Y. Sept. 17, 2015)(client's failure to participate with counsel was not deemed to be reason to deny application to withdraw, court also noted that client hiring new counsel could remedy any breakdown in attorney-client relationship).

Similarly, in this case, Mr. Tsitsuashvili is entitled to representation and a proper opposition to the currently pending motion. Since current counsel is unable to do so because of the breakdown of communication, cooperation, agreement on strategy, and the relationship, my office respectfully requests an extension of the date the opposition is due to allow Mr. Tsitsuashvili to obtain proper counsel. My office is in no way looking to delay this matter and is available to appear on a short timeline for this application to withdraw.[2] This letter is also being sent to Mr. Tsitsuashvili both via mail and electronically so that he has notice of his need to obtain new counsel.

Respectfully Submitted,

/s/ Eli Sarfaty

---

[2] There is already a telephone conference scheduled in this matter for January 3, 2020. My office is prepared to appear before that date on this motion to withdraw in order to expedite the proceedings.